FILED

# United States District Court

MAR 2 2007

**MIDDLE** **DISTRICT OF** **ALABAMA**

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

**UNITED STATES OF AMERICA**

v.

CRIMINAL COMPLAINT

**CASE NUMBER:** 2:07mj25-WC

**ALFREDO GUERRA-GUERRA**
**JOSE GUSTAVO GODOY**

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **February 28, 2007** in **Montgomery** county, in the **Middle** District of **Alabama** defendant(s) did, (Track Statutory Language of Offense)

**being an alien, knowingly re-enter the United States after having been deported subsequent to an aggravated felony, without obtaining the permission of the Secretary of Homeland Security or the Attorney General of the United States,**

in violation of Title **8** United States Code, Section(s) **1326(b)(2)** .

I further state that I am a(n) **ICE Officer** and that this complaint is based on the following facts:
Official Title

### SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

_Blake R_____

Signature of Complainant

Sworn to before me and subscribed in my presence,

**March 2, 2007**                                    at    **Montgomery, Alabama**

Date                                                          City and State

**WALLACE CAPEL, JR., U.S. Magistrate Judge**

Name and Title of Judicial Officer                Signature of Judicial Officer

# AFFIDAVIT

I, Blake Diamond, being duly first sworn, do hereby state and affirm that:

I am a duly sworn Special Agent of the U.S. Immigration and Customs Enforcement (ICE) assigned to the office of the Assistant Special Agent in Charge (ASAC) - Mobile, Alabama. I have been employed as a federal agent for approximately eleven years. My principal assignment has been to conduct criminal investigations of persons involved in violation of the United States Code relating to Title 8 - Aliens and Nationality.

On February 28, 2007, Montgomery, Alabama Police Officers encountered three Hispanic males in the area of 601 Madison Avenue in Montgomery, Alabama after observing them engaged in possible suspicious activity.  The three Hispanic males occupied a 1990 Geo bearing Alabama registration AM 95107. After approaching the Hispanic males, identified at that time as Carlo Contreras-Guerra, Gustavo Jose Godoy and Ronoid Edgar Perez-Pineda, Lieutenant B.J. McCullough observed the Hispanic males exit their vehicle and flee on foot.  All three of the Hispanic males were eventually apprehended.  Montgomery Police Corporal K. Bentley subsequently located an unknown powder substance, believed to be methamphetamine, on the front passenger side of the vehicle.  All of the Hispanic males were then transported to the Montgomery Narcotics office for further investigation.

On the same date, Senior Special Agent David Henderson was contacted by Montgomery Police Sergeant (Sgt.) A. Mercado in reference to the apprehension of the three Hispanic males.  Agent Henderson advised Sgt. Mercado to transport the subjects to the Montgomery ICE office for further investigation.  Upon arriving at the ICE office, Agent Henderson conducted checks of all of the Hispanic males through the immigration system.  Records checks revealed that two of the subjects had previously been removed from the United States.

Montgomery Police Corporal (Cpl.) O. Gonzalez and Agent Henderson first spoke to one of the Hispanic males who had previously identified himself as Carlo Contreras-Guerra. The subject stated his real name was Alfredo GUERRA-Guerra.

Prior to speaking with GUERRA, Cpl. Gonzalez advised him of his constitutional rights, as per Miranda in the Spanish language.  GUERRA acknowledged orally and in writing that he understood his rights and proceeded to make a voluntary statement.  GUERRA stated that he was a native and citizen of Honduras who had last entered the United States illegally on or about March of 2004 near Nogales, Arizona. GUERRA acknowledged that he had been previously removed from the United States.  Additional Immigration checks reveal that he was last removed from the United States to Honduras on March 7, 2002.  A review of the official file indicates that GUERRA failed to obtain permission from the Attorney General of the United States or the Secretary for the Department of Homeland Security to reenter the United States legally. A records check of GUERRA's criminal history revealed that he had been convicted on January 31, 2001 in Dekalb County, Georgia of a felony charge of Possession with the Intent to Distribute Cocaine.

Cpl. Gonzalez and Agent Henderson then spoke to another of the Hispanic males who had previously identified himself as Gustavo Jose Godoy.  The Hispanic male stated that his real name was Jose Gustavo GODOY.  Prior to speaking with GODOY, Cpl. Gonzalez advised him of his constitutional rights, as per Miranda in the Spanish language.  GODOY acknowledged orally and in writing that he understood his rights and proceeded to make a voluntary statement.  GODOY stated that he was a native and citizen of Honduras who had last entered the United States illegally on or about March of 2001 near Eagle Pass, Texas.  GODOY acknowledged that he had been previously removed from the United States. Additional Immigration checks reveal that he was last removed from the United States to Honduras on August 15, 2001.  A review of the official file indicates that GODOY failed to obtain permission from the Attorney General of the United States or the Secretary for the Department of Homeland Security to reenter the United States legally.  A records check of GODOY's criminal history revealed that he had been convicted on February 28, 2001 in Los Angeles, California of a felony charge of Selling/Transporting a Controlled Substance.

Alfredo GUERRA-Guerra and Jose Gustavo GODOY are in violation of, but not limited to, Title 8 U.S.C. 1326(b)(2), reentry of deported alien whose removal was subsequent to a conviction of an aggravated felony without the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security. The penalty, upon conviction, for this offense shall be a fine under Title 18, or imprisoned not more than 20 years, or both.


_____
Blake Diamond, Affiant
U.S. Department of Homeland Security
Immigration and Customs Enforcement



Sworn to and subscribed before me this 2nd day of March, 2007.

_____
United States Magistrate Judge